IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| KEVIN D. MURPHY, | ) **MEMORANDUM DECISION &** |
| | ) **DISMISSAL ORDER** |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:08-CV-790 TS |
| | ) |
| STEVEN TURLEY et al., | ) |
| | ) |
| Respondents. | ) District Judge Ted Stewart |

_____

Petitioner, Kevin D. Murphy, an inmate at Utah State Prison, filed a federal habeas corpus petition here.  He challenges his convictions in December 1980 and October 1985 for aggravated sexual assault (five-year-to-life sentence) and aggravated sexual abuse of a child (six-year-to-life sentence), respectively.

On October 10, 2008, Petitioner filed this petition, contesting his 1983 sentencing under 28 U.S.C. § 2254 and the consequent execution of his sentence (effectively) under 28 U.S.C. § 2241.  Under § 2254, he argues that Utah's indeterminate sentencing scheme, under which he was sentenced, is unconstitutional and that his plea was coerced by promises that a matrix for a shorter effective sentence would apply.

Under § 2241, he argues (1) the Utah Board of Parole and Pardons (BOP) must comply with a matrix predicting his actual imprisonment would be shorter than the outside of his sentencing range; (2) false information and constitutionally objectionable evidence in his prison/parole file resulted in BOP determining to lengthen his prison stay; (3) the Ex Post Facto Clause may be

violated because a statute at the time of his sentencing limited consecutive sentences to a total of thirty years, while a later statute would exempt life sentences from that rule, meaning he may serve more than thirty years if the BOP decides to keep him in prison for life; and (4) *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), were all violated.

Petitioner also alleges violations of his right to legal access.

The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation and/or failed to exhaust his claims.

## ANALYSIS

### I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . .
> (D) the date on which the factual predicate

>      of the claim or claims presented could have
>      been discovered through the exercise of due
>      diligence.

28 U.S.C.S. § 2244(d)(1) (2010).

The Court calculates the period of limitation as to Petitioner's § 2254 claim, using subsection (A) as its guide. Because Petitioner's convictions became final in 1980 and 1985, before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had to file his § 2254 claims within one year of April 24, 1996, adding any time tolled by statute or equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

As to Petitioner's § 2241 claims, the Court uses subsection (D) as its guide. So, the Court begins with the date when Petitioner should have discovered his claims. Petitioner appeared before the BOP in 1995, 1997, 1999, and 2001. He thus should have known on those occasions--*definitely* by the end of 2001--that indeterminate sentencing applied to him and that BOP was responsible to determine his release date within his sentencing range. For the sake of convenience, *for purposes of this Order only*, and because it makes no difference to the final result, the Court uses just the latest possible date, December 31, 2001, to determine the running of the period of limitation on Petitioner's § 2241 claims.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.S. § 2244(d)(2) (2010).  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Because Petitioner filed no state post-conviction or other-collateral-review applications, there are no grounds for statutory tolling, so the Court considers Petitioner's argument of equitable tolling.  Petitioner tries to excuse his failure to timely file his petition by asserting that the wrongs he suffers are of a continuing nature.  In other words, the unconstitutionality of his sentence became apparent only after the sentencing date and can never truly be pinned down until, and if, BOP fixes the actual length of his sentence within the sentencing range.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).  Those situations include times "'when a prisoner is actually innocent'"

4

or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."  Because Petitioner has not argued actual innocence, the Court focuses on alleged uncontrollable circumstances--i.e., Petitioner's argument that he suffers a continuing wrong because his final--effective--sentence has never really been imposed and will not be imposed until he is released for good.

Petitioner is mistaken that he has experienced a continuing wrong that can be addressed at any time, until his final release, in federal habeas proceedings.  It is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). No matter what Petitioner believes, his sentences were final in 1980 and 1985:  one five-to-life and one six-to-life term.  The outside of these ranges--life--absolutely marked the outside time of his final release.  Regardless of his misunderstanding about how these sentencing ranges work, Petitioner should have known, at the very latest, by December 31, 2001, that his parole

proceedings violated his expectations about his constitutional rights.  Still he did not file this federal habeas petition until nearly seven years later--too late.  Meanwhile, as to his § 2254 claim, Petitioner's time to file ran out on April 24, 1997.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to "diligently pursue his federal claims."  His response shows no signs of this kind of self-directed tenacity.  In sum, the circumstances raised by Petitioner did not render it beyond his control to timely file his petition here.

Accordingly, the above claims before the Court were filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.  Petitioner's claims are thus denied.

Finally, Petitioner's claim alleging violations of his right to legal access is inappropriately brought in this habeas petition.  If Petitioner wishes to further pursue this civil rights claim regarding the conditions of his confinement, he may do so in a § 1983 complaint.

IT IS THEREFORE ORDERED that Respondents' motion that the Court deny this petition is GRANTED.  (*See* Docket Entry # 26.) This case is CLOSED.

DATED this 16th day of February, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge